IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell L. Goss, Sr., #305517, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Julie J. Armstrong and Alan Wilson, ) <br> ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 2:21-cv-900-BHH <br><br> **<u>ORDER</u>** |

Plaintiff Darrell L. Goss, Sr. ("Plaintiff" or "Goss") is a state prisoner who is proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983 against Charleston County Clerk of Court Julie J. Armstrong ("Armstrong") and South Carolina Attorney General Alan Wilson ("Wilson") (collectively "Defendants"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

After reviewing Plaintiff's complaint, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report"), explaining the issues and recommending that the Court summarily dismiss this action in its entirety without prejudice and without issuance and service of process. In her Report, the Magistrate Judge thoroughly outlined the extensive procedural history of Plaintiff's prior federal habeas corpus actions challenging the duration of his post-conviction proceedings. (*See* ECF No. 12 at 1-6.) As the Magistrate Judge explained, this action represents Plaintiff's third attempt to challenge the duration of his post-conviction proceedings, and, unlike his previous habeas petitions, Plaintiff now raises his claims pursuant to 42 U.S.C. § 1983 by asserting that Defendants

have violated his constitutional rights by failing to schedule and hear his post-conviction relief case in a timely manner.

Ultimately, the Magistrate Judge determined that Plaintiff's allegations fail to state a plausible claim for relief and are subject to summary dismissal. First, the Magistrate Judge explained that the delay in Plaintiff's post-conviction relief proceedings does not amount to a constitutional violation, whether evaluated as a due process claim, an equal protection claim, or a an access to courts claim. Next, the Magistrate Judge determined that even if Plaintiff's allegations do amount to a constitutional violation, any claims against Defendant Wilson in his supervisory capacity are subject to dismissal, and Defendant Wilson is entitled to prosecutorial immunity from personal liability for actions taking when acting within the scope of his duties as well as Eleventh Amendment immunity to the extent Wilson is sued in his official capacity. Similarly, with respect to Defendant Armstrong, the Magistrate Judge found that Plaintiff's claims against her are precluded under the doctrine of quasi-judicial immunity for performing her official duties as Clerk of Court. Finally, the Magistrate Judge found that the Court lacks jurisdiction over Plaintiff's remaining state law claims, and the Magistrate Judge found that Plaintiff cannot cure the identified defects by amending his complaint.

Plaintiff filed timely objections to the Magistrate Judge's Report. (ECF No. 16.) Plaintiff also filed a motion to amend his complaint to include additional claims related to Defendant Armstrong's alleged failure to file his fourth motion to amend in his post-conviction relief proceedings. (ECF No. 19.)

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

In his objections, Plaintiff first asserts that the Magistrate Judge erred in finding that the delay in his post-conviction proceedings does not amount to a constitutional violation. Specifically, Plaintiff asserts that the Magistrate Judge erroneously applied the *Barker v. Wingo* factors to the facts of this case. 407 U.S. 514 (1972). Next, Plaintiff objects to the Magistrate Judge's finding that Plaintiff has not been denied access to the courts. Plaintiff then summarily objects to the Magistrate Judge's finding that Defendant Armstrong is entitled to quasi-judicial immunity, asserting that Defendant Armstrong has effectively abandoned her job duties. Lastly, Plaintiff objects to the Magistrate Judge's finding that the Court lacks subject matter jurisdiction over Plaintiff's state law claims because he contends that his due process and access to courts claims are not subject to summary dismissal.

Notably, Plaintiff does not specifically object to the Magistrate Judge's finding that

3

Plaintiff fails to state a plausible equal protection claim or her finding that Plaintiff's claims against Defendant Wilson are subject to dismissal and are barred by prosecutorial and Eleventh Amendment immunity. After reviewing these particular findings for clear error, the Court finds none and adopts and incorporates these portions of the Magistrate Judge's Report.

Next, with respect to those portions of the Report to which Petitioner does specifically object, the Court has reviewed the record de novo and likewise finds no error in the Magistrate Judge's findings. First, the Court agrees with the Magistrate Judge that, even liberally construing Plaintiff's complaint, Plaintiff simply attempts to repackage some of the claims previously raised and addressed in his federal habeas corpus actions under the guise of § 1983, but Plaintiff's allegations of delay in his post-conviction relief proceedings do not rise to the level of a constitutional violation at this time. As the Magistrate Judge noted, the underlying record reveals clear and valid reasons for the delay, including the fact that Plaintiff's proceedings have been delayed, in part, by Plaintiff's own request to stay the proceedings pending the outcome of his initial federal habeas corpus proceeding, which was dismissed for failure to exhaust all available state-court remedies. Additionally, the Court agrees with the Magistrate Judge that there is no indication of prejudice to render the state courts' pace unconstitutional. Accordingly, after weighing the relevant factors, the Court affirms the Magistrate Judge's finding that Plaintiff's complaint does not allege a plausible violation of due process.

Likewise, the Court agrees with the Magistrate Judge that the extensive procedural history in this case completely belies Plaintiff's assertion that he has been denied access to the courts, as it is clear that Plaintiff has been an active participant in the judicial process

over the years.

Nevertheless, in the interest of fairness to Plaintiff, the Court notes that *even if* Plaintiff's allegations plausibly allege a constitutional violation, Plaintiff's claims against Defendants Wilson and Armstrong are still subject to dismissal for additional reasons. First, there is no indication that either Defendant has been personally involved in Plaintiff's ongoing post-conviction proceedings.  Even so, any involvement on the part of Defendant Wilson is protected by the doctrine of prosecutorial immunity, and Defendant Wilson is also entitled to Eleventh Amendment immunity to the extent he is sued in his official capacity. Likewise, the Court agrees with the Magistrate Judge that Plaintiff's claims against Defendant Armstrong are barred by quasi-judicial immunity for performing her official duties as the Clerk of Court, and Plaintiff's conclusory objection to the contrary is without merit. Additionally, because the Court finds that Plaintiff's federal claims are subject to summary dismissal for the reasons set forth by the Magistrate Judge, the Court finds that it lacks subject matter jurisdiction over Plaintiff's remaining state law claims.

Finally, the Court agrees with the Magistrate Judge that Plaintiff cannot cure the defects by amending his complaint, and the Court notes that this is even more evident from a review of Plaintiff's motion to amend.  Stated plainly, Plaintiff's proposed amended complaint does not cure the defects outlined above; thus, the Court denies Plaintiff's motion to amend.

## **CONCLUSION**

In conclusion, the Court finds no clear error in those portions of the Report to which Plaintiff does not object.  Moreover, with respect to those portions of the Report to which Plaintiff does object, the Court has reviewed the record de novo and ultimately finds that

5

the Magistrate Judge's Report accurately summarizes the case and the applicable law. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's entire Report (ECF No. 12) is adopted and specifically incorporated here; Plaintiff's objections (ECF No. 16) are overruled; Plaintiff's motion to amend (ECF No. 19) is denied; and this action is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 8, 2022
Charleston, South Carolina